(*) VARNEY *versus* GROWS.

By the statute of limitations a plaintiff may consider himself to have been under a disability to sue, while he was "without the limits of the United States;" the statute therefore makes an exception in his favor.

That disability ceases, however, upon his return to *any part* of the United States, however distant from the State of his domicile.

ON FACTS AGREED.

TRESPASS, for an assault and battery committed on the high seas, Dec. 11, 1849, the writ being dated Sept. 25, 1852.

The defendant relied upon the statute of limitations, and pleaded that the cause of action, if any, did not accrue within two years next before the commencement of the suit.

It is agreed that the plaintiff's cause of action, if any he have, arose during the progress of a voyage from Bath to San Francisco, in the State of California, which voyage terminated by their arrival at San Francisco, in May, 1850.

The plaintiff and defendant remained together in Califor-

nia until the spring of 1851, when the plaintiff returned home to Brunswick in this county. The defendant did not return home until June, 1852, but during all the time, and for years previously he had a wife and family in Brunswick, where he also owned real estate and personal property, which facts were well known to the plaintiff.

If on this statement of facts the action is barred by the statute of limitations, the plaintiff is to become nonsuit, if not, then the action is to stand for trial.

*Shepley* and *Dana*, in support of the action.

*Barrows*, for defendant.

SHEPLEY, C. J. — The suit is for a trespass alleged to have been committed upon the person of the plaintiff on December 11, 1849, on the high seas. The parties arrived in California in the month of May, 1850, where they remained until the spring following, when the plaintiff returned to his home in this State. The defendant did not return till June, 1852. The statute of limitations, c. 146, § 3, is presented as a bar to the suit.

The provision is, that all actions of this description shall be commenced within two years next after the cause of action shall accrue. The tenth section provides, if any person entitled to bring such action shall, when the cause of action accrues, be without the limits of the United States, he may bring the action within the times limited, after the disability shall be removed. The word "disability" appears to have been used with reference to the preceding condition of the party as an infant *feme covert*, or as insane, imprisoned or without the limits of the United States; and when the party is no longer in either of those conditions the disability is removed. It is however insisted, that the phrase without the limits of the United States should be considered as equivalent to the phrase "beyond seas," used in the statute of 21 Jac. 1, and in the statutes of several States of the Union. The recognized construction of those words

required a return of the person within the country or state making the enactment before his disability would be removed.

In the Act of 1786, c. 52, after the words "beyond sea," the words "without any of the United States," were inserted, and the same language was used in the statute of 1821, c. 52, § 9. The legal effect of the insertion of these last words had been considered in the case of *Whitney* v. *Goddard*, 20 Pick. 304. The opinion in that case was published during the year before the revision of the statute of this State was reported to the legislature, at its session, in January, 1840. In that revision, as if the design was to remove all doubt, the words beyond sea were omitted, and the exception appears to have been designed to include only those without the limits of the United States; and the disability would therefore be removed upon a return within those limits.

The cause of action cannot be considered as not accruing on account of the absence of the defendant from this State by the provisions of the twenty-eighth section of the statute. *Crehore* v. *Mason*, 23 Maine, 413.

According to the agreement of the parties the entry will be                                                          *Plaintiff nonsuit.*

TENNEY, HOWARD, WELLS and APPLETON, J. J., concurred.